OPINION OF THE COURT
PER CURIAM.
Appellant Mark Felix Wirfel appeals the March 2, 2009, 2009 WL 528306, order of the United States District Court for the Western District of Pennsylvania dismissing his complaint with prejudice. For the following reasons, we will affirm the District Court’s order.
I.
Wirfel has a history with the Court of Common Pleas of Cambria County, Pennsylvania, going at least as far back as a 1997 custody action initiated by Wirfel’s ex-wife concerning their two children, over which Judge Leahey presided. During the custody proceedings, Wirfel began writing letters to Judge Leahey. Based upon these letters, Wirfel was eventually charged with terroristic threats, attempted harassment, and harassment by communications. In December 1998, Wirfel pleaded nolo contendere to the charges and Judge Krumenacker sentenced him. While serving the sentence, Wirfel began writing letters to Judge Krumenacker. Based upon the letters, Wirfel was again charged with terroristic threats. Wirfel pleaded nolo contendere to the charge in March 2003 and Judge Creany sentenced him to a suspended sentence. Because a suspended sentence is not permissible un *736 der Pennsylvania law, Wirfel was ultimately released from prison on a writ of habeas corpus. See Wirfel v. Cmwlth. of Pa., 3:05-cv-00025 (W.D.Pa. Aug. 23, 2007).
Wirfel initiated this civil action in the District Court in November 2007, naming Judges Leahey, Krumenaeker, and Creany as defendants (the “judicial defendants”). In his complaint, Wirfel claims that the judicial defendants violated his First Amendment right to free speech by subjecting him to “false arrests(s), conviction^) and obstruction of justice.” Wirfel appended to his complaint a 1998 order issued by Judge Leahey in the state court custody action, which prohibited Wirfel from having contact with his children due to Wirfel’s mental condition. Wirfel claims that Judge Leahey’s order violated Wir-fel’s First Amendment “[rjight to voice opinion of Religion to his own two children.” Wirfel alleges that he responded to Judge Leahey’s order “with letters written of only the truth no matter what,” that the letters did not threaten Judge Leahey’s life, and that Judge Leahey wrongfully had him arrested.
Wirfel’s complaint claims that he suffered physical and emotional injuries, primarily due to the loss of time with his children. He seeks monetary damages.[1]
The judicial defendants moved to dismiss the complaint on the grounds of absolute judicial immunity. Wirfel opposed the motion and filed several additional motions, largely concerning child support payments. On March 2, 2009, the District Court granted the motion to dismiss, dismissed the complaint with prejudice, and denied Wirfel’s pending motions as moot.
Wirfel filed this timely appeal.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court’s decision to grant the motion to dismiss on the grounds of absolute judicial immunity. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir.2000).
The Supreme Court long has recognized that judges are immune from suit for monetary damages arising from their judicial acts. See Mireles v. Waco, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Forrester v. White, 484 U.S. 219, 225-27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity applies unless the judge’s actions either were nonjudicial or were taken in the complete absence of jurisdiction. See Gallas, 211 F.3d at 768-69 (citing Mireles, 502 U.S. at 11-12, 112 S.Ct. 286).
The District Court concluded that absolute judicial immunity applies in this case. After closely considering the allegations of the complaint, we agree. Wirfel’s claimed injuries stem directly from court orders entered by Judges Leahey, Krumenaeker, and Creany in their capacities as judges for the Court of Common Pleas of Cambria County, issued while they were presiding over civil and criminal matters involving Wirfel. These orders may not serve as the basis for an award of civil damages. The judicial defendants are entitled to the protection of absolute judicial immunity from Wirfel’s claims, and, as a result, the District Court appropriately dismissed the complaint. See Gallas, 211 F.3d at 770. We also agree with the District Court’s conclusion that amendment of the complaint would be futile. See Grayson v. *737 Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002).
In support of his appeal, Wirfel argues that judicial immunity should not apply in this case because “the actions (and orders) of the judge(s) were plainly incompetent and clearly against the law.... ” However, Wirfel’s claim of judicial error is not sufficient to overcome the application of judicial immunity. See Stump, 435 U.S. at 356-57, 98 S.Ct. 1099; see also Gallas, 211 F.3d at 769. Wirfel has not argued that the judicial defendants acted in a nonjudicial capacity or outside of their jurisdiction and, based upon our review of the allegations of the complaint, we discern no basis for such an argument.
III.
Because the judicial defendants are entitled to judicial immunity, we will affirm the order of the District Court.

. Wirfel also seeks to have criminal charges brought against the judicial defendants. However, such relief may not be obtained in a civil action under 42 U.S.C. § 1983.